IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MICHAEL A. FARMER, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-06-552-KEW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
       Defendant. )

## OPINION AND ORDER

This matter comes before this Court on the Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Troutman & Troutman, P.C., the attorneys for Plaintiff, on May 26, 2009 (Docket Entry #28). Counsel requests that they be awarded fees for legal work pursuant to 42 U.S.C. § 406(b) in the amount of $14,457.10. Counsel was employed by Plaintiff to appeal the adverse decision rendered by Administrative Law Judge presiding over the request for benefits. To that end, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past due benefits ultimately awarded to Plaintiff. Such contracts are recognized as valid under the prevailing case authority. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Counsel filed Plaintiff's opening and reply brief. Counsel obtained a reversal and remand of the ALJ's decision. Plaintiff was awarded attorneys' fees in accordance with the Equal Access to Justice Act ("EAJA") for the efforts before this Court in the amount of $6,395.70. On remand, the ALJ found Plaintiff had been disabled since February of 2003, issuing a fully favorable

decision. Plaintiff has been notified he has been awarded past due benefits of $57,828.40.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of past due benefits. 42 U.S.C. § 406(b)(1)(A). As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant's attorney. 42 U.S.C. § 406(a)(4). Recently, the Tenth Circuit Court of Appeals determined that the 25% amount is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a). Wrenn v. Astrue, 525 F.3d 931, 937-938 (10th Cir. 2008). The only condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases." Id. at 938 (citations omitted). Counsel's requested fees do not exceed either the amount contracted for in the contingency fee agreement or the limitations of § 406(b).

Defendant does not take a position on awarding the amount requested but does advise this Court of its obligation to make an "independent check" as to the reasonableness of the award. Despite the fact the source for Counsel's compensation is a contingency fee contract, this Court has reviewed the contemporaneous time and expense records based upon the admonishment of the Tenth Circuit to do so and finds the time expended to be reasonable and necessary in consideration of the result obtained. Moreover, Defendant's stated concern that Counsel have been compensated by EAJA is allayed by

2

the fact Counsel must refund the smaller of any EAJA award and the amount awarded under § 406(b) to prevent a double recovery by the attorney. Kemp v. Bowen, 822 F.2d 966, 968 (10th Cir. 1987). Thus, counsel will be required to make the refund.

Defendant also provides authority in his brief which stands for the propositions that a claimant's attorney may not recover fees under § 406(b) for preparation of a fee request and services performed outside of federal court. However, Defendant does not indicate Counsel have improperly sought compensation for either of these items.

Defendant also rightly asserts a § 406(b) request must be filed within a reasonable time. In seeking an award under § 406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6). McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006). While relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is served by permitting its use in the circumstance faced by counsel in seeking these fees. Id. To that end, any fee request pursued under § 406(b) should be filed "within a reasonable time of the Commissioner's decision awarding benefits." Id. (citation omitted).

In this case, the Notice of Award was issued by Defendant on March 8, 2009. Counsel contends they did not receive the notice until March 11, 2009 and filed the subject Motion on May 26, 2009. This Court recognizes Defendant's apparent position that waiting two and one half months after receiving the Notice of Award from the attorney who represented Plaintiff at the agency level and six

3

months after the ALJ's decision is questionable. Neither time period is unreasonable. Moreover, this Court has previously determined the operative date for the determination of timeliness is the issuance date for the Notice of Award. Plaintiff's counsel is taken at their word as to when that Notice was received, since a copy is apparently not sent by Defendant to appellate counsel. This Court cannot find the delay which occurred in this case warrants the draconian result of denying an award of fees. Therefore, the request is considered timely.

IT IS THEREFORE ORDERED that Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Troutman & Troutman, P.C., the attorneys for Plaintiff, on May 26, 2009 (Docket Entry #28) is hereby **GRANTED**. Plaintiff's counsel is awarded fees in the amount of $14,457.10 and Defendant is directed to pay this fee directly to counsel from the amount of past due benefits withheld for that purpose. In addition, Plaintiff's counsel shall refund the smaller amount between the EAJA fees already awarded and the § 406(b) fees awarded in this decision to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 19th day of June, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

4